(April 17, 1893.)

## VANHOOK v. WEST.

[32 Pac. 1133.]

VERDICT—CONTRADICTORY EVIDENCE.—Where the evidence is simply contradictory, the appellate court will not disturb a verdict.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Freund & Loughary, for Appellant.

The obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue, and cite as authorities substantiating the above as follows: 1 Greenleaf on Evidence, sec. 74; *Coghill v. Boring,* 15 Cal. 220; *Mudgett v. Harrell,* 33 Cal. 28; *Farmers' etc. Bank v. Christianson,* 51 Cal. 573; *Micholl v. Littlefield,* 60 Cal. 238; 7 Am. & Eng. Ency. of Law, art. 93, p. 95. We think that the jury adopted a verdict that was not justified by the evidence, contrary to

the instructions of the court, and is erroneous, and for this reason a new trial should be granted. (*Karr v. Parks,* 44 Cal. 50; *People v. Coyodo,* 40 Cal. 593, 6 Am. Rep. 639.)

Forney & Tillinghast, for Respondents.

The rule is established beyond any question that where there is a substantial conflict in the evidence, the appellate court will not disturb the decision of the court below. (*Keane v. Canovan,* 21 Cal. 364; *A·nslie v. Idaho etc. Co.,* 1 Idaho, 642; *O'Conner v. Langdon,* 2 Idaho, 61, 26 Pac. 659.)

HUSTON, C. J.—This is an action brought by the plaintiffs against the defendant to recover the sum of $260, the price and value of certain threshing of wheat done and performed by the plaintiffs for the defendant, at his request. There is no denial of the performance of the services by plaintiffs, nor is any objection raised by defendant to the manner in which the work was done. The sole defense is that the service was performed, not for the defendant, but for his son, who, it seems, has left the country. The land upon which the wheat threshed was grown was owned and occupied by defendant at the time the services were performed. The defendant was present during a portion of the time the work was being done. The case was tried with a jury, and a verdict rendered for the full amount, in favor of plaintiffs. The evidence is conflicting. Although variously stated in the specifications of error, the only error assigned is that the verdict is not warranted or sustained by the evidence. We do not think the record supports this assignment of error. The case of the plaintiffs was clearly made out by the evidence produced on their behalf; and while it is true, as shown by the record, that such evidence was disputed, upon nearly every material point, by the defendant and the various members of his family, yet the jury and the judge who presided seem to have been satisfied that there was a preponderance of evidence in favor of the plaintiffs. It is unnecessary to cite authorities upon the well-established rule that where the evidence is simply contradictory the appellate court will not disturb the verdict. Judgment of district court affirmed, with costs.

Morgan and Sullivan, JJ., concur.